IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **COLONY INSURANCE COMPANY,** | ] |
| **Plaintiff,** | ] |
| v. | ] CV-09-BE-1093-E |
| **SPORTSNUT, INC., et. al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This is an action for declaratory judgment in which Plaintiff Colony Insurance Company (Colony) seeks a declaration of whether an exclusion in an insurance policy issued to Defendant Sportsnut, Inc. (Sportsnut) excuses Colony from defending and/or indemnifying its insured under a specific claim in a pending underlying state action (the underlying action). In the underlying action, Charlie Tucker, who was injured in a car accident by a drunk driver who had just left Sportsnut, brings dram shop claims against Colony's insureds.

On March 17, 2010, this court dismissed Charlie Tucker from the instant case because Plaintiff failed to serve the summons and complaint on Mr. Tucker in accordance with the Federal Rules and this court's prior Order (doc. 18). Because Charlie Tucker, an indispensable party, is no longer a party to this action, Colony has failed to fulfill the requirements of Federal Rule of Civil Procedure 19. Therefore, the court will *sua sponte* dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 19(b).

1

*The Underlying State Case*

Charlie Tucker is the plaintiff in the underlying action now pending in the Circuit Court of Calhoun County, Alabama.  Among other claims, Mr. Tucker asserts dram shop liability claims against Sportsnut; Michael Williams, the owner and operator of Sportsnut; and Harold Hall, an additional insured in Sportsnut's insurance policy.  In the underlying action, Charlie Tucker also brings claims against the remaining Defendants in the instant case who are not insureds of Colony.

In the underlying action, Charlie Tucker alleges that, on December 16, 2006, he collided with a vehicle driven by David Gillock.  Tucker claims that Gillock was traveling in the wrong direction when his car collided with Gillock's car.  Tucker asserts that shortly before the accident, Gillock had been drinking alcohol in violation of the law at Sportsnut.  According to Charlie Tucker, the car accident occurred in part because of Sportsnut's violation of Alabama's Dram Shop Act.

*Procedural History*

Plaintiff Colony filed its complaint seeking declaratory relief on June 2, 2009 and named Charlie Tucker and others as defendants.  Thus, it should have served the complaint and summons on all Defendants by September 30, 2009–120 days after Plaintiff filed the complaint. *See* Fed. R. Civ. P. 4(m).  Colony served the summons and complaint on Charlie Tucker's *counsel* in the underlying litigation on June 9, 2009.  The court granted Defendant Tucker's motion to quash service of process on November 23, 2009 and ordered Colony to properly serve him by December 8, 2009.  Additionally, Colony filed its motion for summary judgment on November 23rd without having perfected service on Tucker.

2

In its brief in support of the motion for summary judgment, Colony admitted that Charlie Tucker is an indispensable party. The court agrees. Mr. Tucker's role as the Plaintiff in the underlying action against Colony's insureds warrants a finding that Mr. Tucker is, indeed, an indispensable party. Rule 19(a) of the Federal Rules of Civil Procedure provides that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined as a party if*:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(emphasis added). Such a person is termed a necessary or indispensable party. Mr. Tucker is accurately defined as an indispensable party because without him, the court cannot accord complete relief in Colony's declaratory judgment action. Additionally, Mr. Tucker's claims in the underlying action are directly related to the subject of the instant action. As an alleged tort victim, Mr. Tucker has an interest in whatever finding will ultimately be made on the coverage question, whether against Colony or in its favor.

Without submitting to the jurisdiction of the court, Mr. Tucker filed a motion to stay summary judgment based on Mr. Tucker's inability to conduct the discovery necessary to properly respond to Colony's motion. The court denied Mr. Tucker's motion to stay and noted that he was not required to respond to the motion until he had been properly served. None of the served Defendants submitted responses in opposition to Colony's motion for summary judgment.

On March 17, 2010, the court *sua sponte* dismissed Defendant Tucker from the action

3

because the Plaintiff failed to serve him in accordance with Rule 4 and this court's Order.  As of March 23, 2010–almost six months after Mr. Tucker should have originally been served–Plaintiff Colony had still not properly served Mr. Tucker.  On that same date, the court ordered that Plaintiff Colony *show cause* why this action should not be dismissed for failure to join an indispensable party.  In its response, Colony admits that it has not secured proper service on Mr. Tucker.  Colony also seems to assert that, even though Charlie Tucker has never been properly served, the court should not dismiss the action because Plaintiff originally named him as a party to the action.  Additionally, Colony requests that the court grant additional time for Colony to properly serve Mr. Tucker.  Colony seems to argue that joinder of Mr. Tucker is not feasible because it has repeatedly been unsuccessful in its attempts to properly serve Mr. Tucker.

*Discussion*

      Plaintiff's arguments in response to the show cause order are not persuasive.  Rule 19(b) requires that the court determine whether an action should proceed in the absence of an indispensable party.  Because of Colony's failure to serve Mr. Tucker, the court does not have jurisdiction over him and must now determine whether the case can proceed without him. Factors the court should consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).  An analysis of these factors weighs in favor of dismissing Colony's

declaratory judgment action for failure to join an indispensable party.

First, Charlie Tucker would be prejudiced if the court were to proceed and rule on Colony's motion for summary judgment. In *Ranger Ins. Co. v. United Housing of New Mexico*, the Fifth Circuit affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured. 488 F.2d 682, 683 (5th Cir. 1974).[1] The court further held that if the case were allowed to proceed without the tort claimants, "the claimants' interests would be prejudiced." *Id.* More recently, the Eleventh Circuit opined that a failure to follow *Ranger* would probably be erroneous. *Am. Safety Casualty Ins. Co. v. Confor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005).

Even though a declaratory judgment in Colony's favor would not be binding on Mr. Tucker, who is no longer a party in this case, he could still be prejudiced if the court grants Colony's unopposed motion for summary judgment. If the court releases Colony from an alleged duty to indemnify its insureds from Tucker's dram shop claims, Tucker would likely not be able to collect any damage award he might recover for his dram shop claims in the underlying action. Furthermore, this prejudice would certainly impact Mr. Tucker if Colony's insureds are judgment proof. In accordance with the binding precedent of *Ranger*, the court finds that the first factor weighs in favor of dismissing Colony's action because of the prejudice that would befall Mr. Tucker if the court were to proceed without him.

As to the second factor, the court could *conceivably* shape some type of relief to avoid

---

[1] After the Fifth Circuit split and the Eleventh Circuit was established, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

serious prejudice to Mr. Tucker. However, as the *Ranger* court pointed out, "the basic difficulty with [Colony's] case becomes apparent–either a judgment might prejudice [Mr. Tucker], violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor.  Neither alternative is acceptable." 488 F.2d at 684.

To analyze the third factor–whether a judgment rendered in the person's absence would be adequate–the court must consider the public's interest in efficient, non-repetitive litigation. *See Provident Trademens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968).  In the present case, a judgment rendered in Mr. Tucker's absence would not be adequate because any judgment shaped by this court could not bind Mr. Tucker.  Consequently, any judgment would likely result in a waste of judicial resources because if Mr. Tucker is successful in the underlying litigation, he could later force relitigation of the instant issue: whether Colony's insurance policy covers dram shop actions. *See* Ala. Code § 27-23-2 (1975) (allowing judgment creditor to proceed against insurer to satisfy judgment).

Last, the fourth factor under consideration also weighs in favor of dismissing this action. Colony has an adequate remedy if the court dismisses this declaratory judgment action: Colony could seek its declaratory judgment in an Alabama state court. *See* Alabama Declaratory Judgment Act, Ala. Code § 6-6-220 *et. seq*.; *see also Ranger*, 488 F.2d at 684.  In its response to the order to show cause, Colony describes the insurance policy provision at issue as "a clear exclusion."  Thus, the court is confident that an Alabama state court will be able to determine whether Colony must defend and/or indemnify its insureds against Mr. Tucker's dram shop claims.  In sum, Colony has failed to establish that this case would not prejudice Mr. Tucker or that this case could not be conducted in state court.  Accordingly, equity and good conscience do

not require that this declaratory action proceed without the participation of Mr. Tucker.

Therefore, the court *sua sponte* dismisses Colony's declaratory judgment action without prejudice. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 9th day of April, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE